# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**LAWANDA LYNN EVANS**                                                  **PLAINTIFF**

v.                    No. 5:16-CV-00021-BSM-BD

**CAROLYN W. COLVIN, Acting Commissioner,**
Social Security Administration                              **DEFENDANT**

## RECOMMENDED DISPOSITION

**Procedures for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you file objections, they must specifically explain the factual and/or legal basis for your objection; and they must be received by the Clerk of Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**Discussion**

Lawanda Evans applied for social security disability benefits with an alleged onset date of August 26, 2011. (R. at 65). After a hearing, the administrative law judge (ALJ) denied benefits, and the Appeals Council denied review. (R. at 1). Ms. Evans then filed this appeal seeking judicial review. For reasons explained below, the Commissioner's decision should be affirmed.

The ALJ found that Ms. Evans had the following severe impairments: cervical and lumbar degenerative disk disease with bulging disks; migraine headaches; non-morbid obesity; major depressive disorder; post-traumatic stress disorder; and a personality disorder. (R. at 17). The ALJ determined that Ms. Evans retained the residual functional capacity (RFC) to perform a reduced range of light work. (R. at 21).

The ALJ specifically found that Ms. Evans had the RFC to lift and/or carry no more than 20 pounds and could frequently lift and/or carry up to 10 pounds; walk and/or stand up to six hours in an eight-hour day. And she was limited to jobs that did not require frequent crouching or bending. To accommodate her non-exertional impairments, she was limited to jobs where interpersonal contact is incidental to the work performed; perform tasks that can be learned and performed by rote, involving few variables, and requiring little independent judgment. (R. at 21). The ALJ further found that Ms. Evans required simple, direct, and concrete supervision and could not deal with the general public. (R. at 21).

After taking testimony from a vocational expert, the ALJ determined that Ms. Evans's RFC precluded her past relevant work. (R. at 25). The ALJ found, however, that there were other jobs available that Ms. Evans could successfully perform and concluded, therefore, that she was not disabled. (R. at 25–26).

The Court reviews the record to determine whether substantial evidence supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" is less than a preponderance but more than a mere scintilla; it is

"enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).  In addition, the Court must determine whether the Commissioner's decision is based on legal error.

Ms. Evans's sole contention in this appeal is that the ALJ failed to give appropriate weight to a Veterans Administration (VA) disability rating of 100% and thereby committed a legal error.  She argues that the ALJ was obligated to give "great weight" to the VA's determination that she was 100% disabled.  In support, she cites two cases – one from the Court of Appeals for the Fifth Circuit and one from the Ninth Circuit.  Both of those Courts concluded that a VA disability determination is entitled to "great weight" unless the ALJ gives specific, valid reasons for deviating from that determination.  See *McCartney v. Massanari*, 298 F.3d 1072 (9th Cir. 2002) and *Chambliss v. Massanari*, 269 F.3d 520 (5th Cir. 2001).

*McCartney and Chambliss* are at odds with the current Eighth Circuit precedent.  As recently as 2016, the court of appeals for this circuit has reaffirmed the proposition that the VA's finding of disability is not binding on the Social Security Administration.  *Hensley v. Colvin*, 829 F.3d 926, 931 (8th Cir. 2016)(citing, 433 F.3d 575 (8th Cir. 2006).

In *Hensley*, the ALJ had "acknowledged that the VA had awarded [claimant] disability payments but noted that 'a finding of disability from another agency is not binding on the Social Security Administration,' which must make an independent determination of disability as defined by the Social Security Act." *Hensley*, 829 F.3d at 931.  This Court agreed and affirmed the Commissioner's decision.  *Hensley v. Social*

*Security Admininistration*, 4:14cv30-BSM.  On appeal, the Eighth Circuit Court specifically affirmed the ALJ's conclusion that the VA's disability determination is not binding on the Commissioner.  *Id.* at 935.

As in *Pelkey*, the ALJ here acknowledged Ms. Evans's disability rating from the VA and discussed, at considerable length, the medical records and other relevant evidence in making the determination that Ms. Evans could perform a reduced range of light work.  As in *Pelkey*, the ALJ here discussed specific records relied on by the VA in making its determination.  (R. at 23–24).

**Conclusion**

The ALJ gave proper consideration to the VA's disability rating, and Ms. Evans has argued no other grounds for reversal.  The ALJ's decision, therefore, is not based on legal error.  Furthermore, the Commissioner's decision to deny benefits is supported by substantial evidence on the record as a whole.  For these reasons, the Commissioner's decision should be affirmed.

DATED this 19th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE